**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RONALD LEE HOOFARD and** | § | |
| **MAUREEN MCCORMICK** | § | |
| **HOOFARD,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CASE NO. 3:15-CV-1083-M-BK** |
| | § | |
| **U.S. BANK, NA, and OCWEN** | § | |
| **LOAN SERVICING, LLC** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this cause is before the undersigned for pretrial management.

Defendants filed their *Motion for Summary Judgment* on April 8, 2016. Doc. 11. Plaintiffs were

required to file their response, if they opposed the relief requested, by April 29, 2016 but they did not

do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions).

Accordingly, this Court issued an order on May 5, 2016, directing Plaintiffs to respond to

Defendants' motion no later than May 20, 2016, if they were opposed to the dismissal of this case.

Doc. 15. The Order also warned Plaintiffs that they risked dismissal of the case pursuant to

Defendants' motion and/or for failure to prosecute if they did not respond. Doc. 15. That deadline

has passed, and Plaintiffs have not responded. For the reasons that follow, the Court should dismiss

this action without prejudice for lack of prosecution and for failure to comply with a court order.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for

failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.

1988). This authority flows from a court's inherent power to control its docket, prevent undue delays

in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*,

370 U.S. 626, 629-31 (1962). Plaintiffs failed to respond to Defendants' motion for summary

judgment and failed to comply with this Court's order.  Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).  Here, however, the statute of limitations on Plaintiffs' claim under the Real Estate Settlement Procedures Act does not appear to expire until at least October 2017, which is three years after Plaintiffs allege that Defendant failed to acknowledge receipt of their loan modification application.  Doc. 1-5 at 5; 12 U.S.C. § 2614 (providing for three-year statute of limitations for claims brought under RESPA, 12 U.S.C. § 2605 and 12 C.F.R. § 1024.41).  Additionally, Plaintiffs' claim for violation of the Texas Debt Collection Act does not appear to expire until February 2017, two years after Defendants are alleged to have attempted to foreclose on the subject property.  Doc. 1-5 at 7-8; TEX. CIV. PRAC. & REM. CODE § 16.003 (two-year limitations period); *Valdez v. Capital Mgmt. Servs.*, LP, No. B:09-246, 2010 WL 4643272, at *1 n. 3 (S.D. Tex. 2010).

Plaintiffs also seek relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.  Doc. 1-5 at 9; *see Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, *5 n.11 (N.D. Tex. 2011) (Fitzwater, C.J.) (stating that when a state-filed declaratory judgment action is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act).  That Act provides that any federal court may declare the rights and legal relations of any interested party.  However, the availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).  Thus, Plaintiffs' request for a declaratory judgment should likewise be dismissed without prejudice.  Plaintiffs will be able to

seek declaratory relief again if they re-file their underlying claims before the expiration of the statute of limitations.

     **SO RECOMMENDED** on July 5, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE